**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. 16 C 6544 |
| v. | Judge Harry D. Leinenweber |
| **ROBERTO FAVELA,** | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Roberto Favela's ("Favela") Motion to Alter or Amend a Judgment (Dkt. No. 7) is granted consistent with the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The Court hereby vacates Favela's conviction for violating 18 U.S.C. § 924(c) and terminates one of his two concurrent terms of supervised release while leaving intact all other conditions of his criminal judgment. (*See United States v. Russell et al*, No. 13-cr-600-2 (N.D. Ill.), Judgment, Dkt. No. 52.)

### I. BACKGROUND

Favela pled guilty in 2014 to two counts: conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 ("Count One") and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"). Favela was sentenced to 16 months of incarceration on Count One and 60 months on Count Two, to be served consecutively. He also received two concurrent three-

year terms of supervised release, one for each Count. (*See* Judgment.)

In 2016, Favela filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Dkt. No. 1.) Favela argued in his Motion that the Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015) required Count Two be vacated. Favela's violation of § 924(c)(1)(A) for use of a firearm in furtherance of a crime of violence relied on a definition of "crime of violence" contained within 18 U.S.C. § 924(c)(3)(B). But *Johnson* dealt with sentence enhancements under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for people who had previous convictions for a "violent felony," defined in part as "conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555; *see also* 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that definition to be so vague as to be unconstitutional. *See generally Johnson,* 135 S. Ct. 2551.

In his § 2255 motion, Favela argued that his conviction for the use of a firearm in furtherance of a crime of violence was invalid because the definition of "crime of violence" fell within a catch-all clause — called a residual clause — contained in 18 U.S.C. § 924(c)(3)(B). Favela asserted that the residual clause he was sentenced under was unconstitutionally vague under *Johnson*.

The sentencing judge denied Favela's petition, citing *Cooper v. Krueger*, 2015 WL 8215348 at *3 (C.D. Ill. 2015) (holding that *Johnson* did not apply to a conviction pursuant to 18 U.S.C. § 924(c)(1)(A)) and found that Favela was not sentenced under the residual clause ruled unconstitutionally vague in *Johnson*.

Favela then filed a Motion to Alter or Amend the Denial of his § 2255 petition pursuant to Federal Rule of Civil Procedure 59(e), arguing that § 924(c)(3)(B)'s residual clause is unconstitutional and that conspiracy to commit bank robbery is not "categorically a crime of violence." (Favela's Mot. at 4, Dkt. No. 7.) The sentencing court stayed briefing of Favela's Motion pending decisions in *Sessions v. Dimaya*, 13 S. Ct. 1204 (2018) and *United States v. Davis*, 139 S. Ct. 2319 (2019). While Favela's Motion was pending, his case was reassigned to this Court.

Because *Dimaya* and *Davis* have been decided, the Court will now rule on Favela's Motion to Reconsider the denial of his § 2255 motion.

## II. <u>STANDARD</u>

The Court can grant a Rule 59(e) motion if the movant establishes that the court committed manifest error of law or fact or if the movant presents newly discovered evidence that could not have been discovered at the time of trial. *Barrington Music Products, Inc.*, 924 F.3d 966, 968 (7th Cir. 2019).

### III. ANALYSIS

#### A. Disposition of Section 2255 Motion

Favela's § 2255 motion and his motion to reconsider focus on the constitutionality of his conviction under 18 U.S.C. § 924(c). Section 924(c) enumerates a range of penalties for anyone who "uses or carries a firearm" in furtherance of any "crime of violence" or "drug trafficking crime." The statute defines "crime of violence" as an "offense that is a felony" and either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B).

In *Davis,* the Supreme Court found that the definition of a crime of violence in § 924(c)(3)(B), "read in the way that nearly everyone (including the government) has long understood it, provides no reliable way to determine which offenses qualify as crimes of violence," and is therefore unconstitutionally vague. *Davis*, 139 S.Ct. at 2324. Specifically, the residual clause's use of the phrase "by its nature" was impossibly broad, and the clause as written could "result in the vast majority of federal felonies becoming potential predicates for § 924(c) charges, contrary to

the limitation Congress deliberately imposed when it restricted the statute's application to crimes of violence." *Id.* at 2331.

The *Davis* decision forms the basis for Favela's Rule 59(e) motion. Under this new analysis, a § 924(c) predicate offense must qualify under § 924(c)(3)(A) and cannot stand if it qualifies under the now-unconstitutional § 924(c)(3)(B). Thus, a crime of violence must have as an element the "use, attempted use, or threatened use of physical force" against person or property. The question for the Court is whether the predicate offense for Favela's conviction under § 924(c) has such an element. If not, that conviction must be vacated.

The Government concedes that Favela's predicate offense, conspiracy to commit bank robbery, does not have as an element the use, attempted use, or threatened use of force. (Gov.'s Resp. at 6, Dkt. No. 30.) Rather, "[c]onspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act." *Iannelli v. United States*, 420 U.S. 770, 777 (1975). Because conspiracy offenses do not have as an element the use, attempted use, or threatened use of force, they cannot qualify as crimes of violence under § 924(c)(3)(A). Therefore, Favela's conviction for use of a firearm in furtherance of a crime of violence must have fallen under the unconstitutional residual clause. As such, given the Supreme Court's recent ruling in *Davis*, Favela's conviction on

Count Two was a manifest error of law, and the Court must grant Favela's Rule 59(e) Motion.

## B. Relief

Favela was released from prison in November 2018 and is currently serving his two concurrent three-year terms of supervised release. (Gov.'s Resp. at 4.) The Government now agrees that one of Favela's two concurrent supervised release terms should be vacated as a result of vacating Count Two. (Gov.'s Resp. at 5.) Because Favela is serving these terms concurrently rather than consecutively, Favela will receive no practical benefit of this decision with respect to his remaining time under supervised release.

However, the Court notes that it can modify a term of supervised release under certain circumstances. A court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). This is the case when, as here, the sentencing court was not mandated "to order supervised release terms following imprisonment." *United States v. Johnson*, 529 U.S. 53, 56 (2000). Count One of Favela's conviction does not mandate a term of supervised release and only requires that anyone

violating it "shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 371.

Therefore, the Court only has authority now to terminate Favela's term of supervised release that stems from his conviction under § 924(c). If he desires an early termination of his remaining term of supervised release, he should file a Motion requesting such relief after completing the required one year of supervised relief.

## IV. CONCLUSION

For the reasons stated herein, Defendant's conviction (*See United States v. Russell et al*, No. 13-cr-600-2 (N.D. Ill.), Judgment, Dkt. No. 52.) for violating 18 U.S.C. § 924(c) is vacated.

**IT IS SO ORDERED.**

 Harry D. Leinenweber, Judge
 United States District Court

Dated: 9/27/2019